Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA 94303
www.lexanalytica.com
pjn@lexnalytica.com
Tel: 650-655-2800

Attorneys for Plaintiff
MARKETO, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARKETO, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE,<br><br>　　　　　　Defendant. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, PASSING OFF, AND UNFAIR COMPETITION** |

Plaintiff Marketo, Inc. ("Marketo"), for its Complaint against Defendant John Doe ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for damages and injunctive relief arising out of Defendant's trademark infringement, unfair competition, false designation of origin, false advertising, passing off, and unjust enrichment under federal state and common law as a result of Defendant's wrongful acts, including willful infringement of Plaintiff's rights in the trademark "MARKETO."

1

COMPLAINT

## PARTIES

2. Plaintiff Marketo, Inc. ("Marketo") is a company organized under the laws of the State of Delaware with its principal place of business in San Mateo, California.

3. Upon information and belief, Defendant John Doe is an individual whose name and address of residence is unknown.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), because this action alleges violations of federal statutes, including the Lanham Act (15 U.S.C. § 1114 and 1125(a)).  The Court has supplemental jurisdiction over the remaining claims under 29 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims raised in this lawsuit occurred in this District, and the Defendants may reside in this District.

## INTRADISTRICT ASSIGNMENT

6. This is an Intellectual Property action appropriate for district-wide assignment under Civ. L.R. 3-2(c).

## GENERAL ALLEGATIONS

### MARKETO'S ACTIVITIES AND PROPRIETARY RIGHTS

7. Marketo is a software company that was founded in 2006.  Marketo is focused on account-based marketing, including email, mobile, social, digital ads, web management, and analytics.

8. On November 16, 2006, Marketo applied for the "Marketo" word mark.  Since that time, Marketo has been granted two registrations for the "Marketo" mark – U.S. Registration Nos. 3,369,973 and 4,331,015 (collectively "MARKETO Marks"), which are attached hereto as Exhibits A and B, respectively.

9. Marketo has used the MARKETO Marks continuously in commerce since 2006, as they relate to its business and products.

COMPLAINT

## DEFENDANT'S WRONGFUL ACTS

10.  Defendant is using without authorization the MARKETO Marks, or a confusingly similar variations thereof, in commerce to identify email templates that the Defendant is apparently selling.  Specifically, Defendant is using the MARKETO Marks to sell email templates that are downloadable from the Internet.  Exhibit C is a true and correct copy of Defendant's unlawful use of the MARKETO Marks.  As seen in Exhibit C, the email templates are being sold as being from or associated with Marketo, as the MARKETO Marks are prominently used.  Marketo has no knowledge of this Defendant and has not authorized this sale.

11.  Defendant is using the MARKETO Marks on https://omgdownload.com ("OMG Domain").  On or about September 12, 2018, Marketo reached out to the domain name registrar for OMG Domain, Namecheap, Inc., regarding Defendant's unlawful actions.  Marketo asked that Exhibit C be taken down.

12.  Unfortunately, on or about September 14, 2018, Namecheap, Inc. responded that because Marketo's complaint dealt with a trademark matter, it would not take out down the information.  Namecheap, Inc. also stated that it would pass on any information to the registered owner, but would not identify the owner or take other action.

13.  Marketo has been unable to locate the true name of Defendant.  Having exhausted all other options to resolve this matter, Marketo is filing this lawsuit.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement (Violation of 15 U.S.C. § 1114)

14.  Marketo refers to and incorporates herein by reference paragraphs 1-13.

15.  Marketo is the owner of the MARKETO Marks.

16.  The unauthorized appropriation and use by the Defendant in commerce of the MARKETO Marks in connection with advertising and online use is likely to cause confusion, mistake, or deception and thus infringes Marketo's rights in its federally registered marks under 15 U.S.C. § 1114.  Defendant's actions have been carried out in willful disregard of Marketo's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

COMPLAINT

17. Defendant's unlawful acts dilute the value of the MARKETO Marks and constitute trademark infringement in violation of 15 U.S.C. §1114.

18. Upon information and belief, Defendant's conduct as described above has been willful and in total disregard for Marketo's rights.

19. Marketo's business has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's aforesaid actions, and has further suffered monetary damages in an amount to be determined at trial.

20. Marketo has no adequate remedy at law without an injunction.

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition, False Designation of Origin, Passing Off, and False Advertising (Violation of 15 U.S.C. § 1125(a))

21. Marketo refers to and incorporates herein by reference paragraphs 1-20.

22. Marketo is the owner of the MARKETO Marks. Marketo has used the MARKETO Marks since 2006 to identify its services and products in California, in the United States, and worldwide. The general public recognizes the MARKETO Marks as designating Marketo as the source of services and/or goods.

23. Defendant's use of the MARKETO Marks constitutes a false designation of origin and/or false or misleading description or representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to (a) the affiliation, connection, or association of Defendant with Marketo and/or (b) the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Marketo. For example, customers looking for email templates by Marketo are likely to be confused as to whether the products offered by John Doe are Marketo products.

24. Defendant's wrongful activities have caused Marketo irreparable harm. Marketo is informed and believes that unless said conduct is enjoined by this Court, Defendant will continue to expand those activities to the continued and irreparable injury of Marketo. This injury includes a reduction in the distinctiveness of the MARKETO Marks and injury to Marketo's reputation that

cannot be remedied through damages, and Marketo has no adequate remedy at law.  Marketo is entitled to preliminary and permanent injunctions pursuant to 15 I.S.C. § 1116 restraining and enjoining Defendant from using in commerce the MARKETO Marks.

25. Pursuant to 15 U.S.C. § 1117, Marketo is also entitled to recover: (i) Defendant's profits, (ii) Marketo's ascertainable damages, and (iii) Marketo's costs of suit.  Defendant's willful use of the MARKETO Marks without excuse or justification renders this an exceptional case and entitles Marketo to its reasonable attorney fees.

### THIRD CLAIM FOR RELIEF

### Unfair Competition (Cal. Bus. & Prof. Code § 17200)

26. Marketo refers to and incorporates herein by reference paragraphs 1-25.

27. Defendant's acts, as alleged above, constitute unlawful and/or unfair business practices in violation of California Unfair Competition Law ("UCL"), California Bus. & Prof. Code §§ 17200 et seq.

28. Defendant's acts are unlawful and/or unfair under the UCL because Defendant's actual and intended use of the MARKETO Marks in California is likely to cause consumers as to the source, origin, or affiliation of Marketo's services, to dilute the distinctiveness of Marketo's MARKETO Marks, and/or tarnish the image of the MARKETO Marks.

29. Defendant's acts of unfair competition in the State of California have caused Marketo irreparable injury.  Marketo is informed and believes that unless said conduct is enjoined by this Court, Marketo will continue and expand those activities to the continued and irreparable injury to Marketo.  This injury includes a reduction in the distinctiveness of the MARKETO Marks and injury to Marketo's reputation that cannot be remedied through damages, and Marketo has no adequate remedy at law.  Marketo is entitled to preliminary and permanent injunctions restraining and enjoining Defendant from using in commerce the MARKETO Marks.

30. As a direct and proximate result of Defendant's statutory unfair competition, Marketo has been unjustly enriched in an amount to be determined at trial.

## JURY DEMAND

Marketo demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Marketo prays for relief as follows:

A.   Preliminary and permanent injunctions restraining and enjoining Defendant from using in commerce the MARKETO Marks;

B.   An award to Marketo of its ascertainable damages, costs and attorneys' fees;

C.   An award to Marketo of the Defendant's profits attributable to Defendant's unauthorized use of the MARKETO Marks;

D.   An award such other and further relief as this Court deems just and proper.


Dated: November 8, 2018                                 Respectfully submitted,


                                                         /s/ Perry J. Narancic

                                                        Perry J. Narancic
                                                        LEXANALYTICA, PC

                                                        Attorney for Plaintiff
                                                        Marketo, Inc.

COMPLAINT