Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA 94303
www.lexanalytica.com
pjn@lexnalytica.com
Tel: 650-655-2800

Attorneys for Plaintiff
MARKETO, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| MARKETO, INC., | CASE NO. 18-cv-6792 |
|---|---|
| Plaintiff, | PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY |
| v. | |
| JOHN DOE, | |
| Defendant. | |

**I.      INTRODUCTION**

Plaintiff Marketo, Inc. ("Marketo") submits this motion ("Motion") to obtain this Court's permission to serve discovery before the mandated Federal Rule of Civil Procedure 26(f) conference.

Marketo seeks to serve a subpoena on third-party Namecheap, Inc. Marketo seeks relief from Rule 26(f)'s requirements because the current defendant, John Doe, must be styled as a Doe

1

defendant since his true identity and location are unknown to Marketo. Marketo needs the requested relief so that service of process of the Complaint may be made, and so that any preliminary injunctive relief may issue.

As explained below and detailed in the Complaint, Marketo learned that Defendant is using the MARKETO Marks to sell email templates that are downloadable from the Internet on omgdownload.com. Exhibit A to the accompanying Declaration of Theodore McCullough is a true and correct copy of Defendant's unlawful use of the MARKETO Marks. As seen in Exhibit A, the email templates are being sold as being from or associated with Marketo, as the MARKETO Marks are prominently used. Marketo has no knowledge of this Defendant and has not authorized this sale. (McCullough Decl., ¶ 3).

Marketo requires discovery in the subpoenas to identify the person(s) or entities responsible for the unlawful use of the MARKETO Marks at https://omgdownload.com. Without the requested relief, Marketo will be unable to serve the Complaint on the subject Doe defendant.

## II.   FACTUAL BACKGROUND

Marketo is a software company focused on account-based marketing, including email, mobile, social, digital ads, web management, and analytics. Since 2006, Marketo has used the "Marketo" word mark to identify its company and its products. Marketo is the owner of the MARKETO Marks, U.S. Registration Nos. 3,369,973 and 4,331,015. Marketo values its reputation and protects its Marks. (McCullough Decl., ¶¶ 1-2).

Defendant is using without authorization the MARKETO Marks, or a confusingly similar variations thereof, in commerce to identify email templates that the Defendant is apparently selling. Specifically, Defendant is using the MARKETO Marks to sell email templates that are downloadable from the Internet. Exhibit A to the McCullough Declaration is a true and correct copy of Defendant's unlawful use of the MARKETO Marks. As seen in Exhibit A, the email templates are being sold as being from or associated with Marketo, as the MARKETO Marks are prominently used. Marketo has no knowledge of this Defendant and has not authorized this sale.

Defendant is using the MARKETO Marks on https://omgdownload.com ("OMG Domain"). On or about September 12, 2018, Marketo reached out to the domain registrar for the OMG Domain, Namecheap, Inc., regarding Defendant's unlawful actions. Marketo asked that Exhibit A be taken down. A true and correct copy of this communication is attached as Exhibit B to the McCullough Declaration.

Unfortunately, on or about September 14, 2018, Namecheap, Inc. responded that because Marketo's complaint dealt with a trademark matter, it would not take out down the information. Namecheap, Inc. also stated that it would pass on any information to the registered owner, but would not identify the owner or take other action. A true and correct copy of this communication is attached as Exhibit C to the McCullough Declaration.

Marketo has been unable to locate the true name of Defendant. Having exhausted all other options to resolve this matter, Marketo is filing this lawsuit.

### III. **GOOD CAUSE EXISTS TO PERMIT DISCOVERY**

While Federal Rule of Civil Procedure 26(d)(1) ordinarily prevents parties from taking discovery prior to the conference mandated by Federal Rule of Civil Procedure 26(f), courts frequently have "permit[ed] limited discovery to ensue after the filing of the complaint to permit the plaintiff to learn identifying facts necessary to permit service on the defendant." *Dall. Buyers Club LLC v. Doe, No. 16-cv-00858-PSG*, 2016 U.S. Dist. LEXIS 38957, at *1 (N.D. Cal. Mar. 23, 2016) (granting *ex parte* motion for expedited discovery). Indeed, courts routinely grant *ex parte* motions for expedited discovery relating to the identities of Doe defendants. *See, e.g.*, *Arista Records Ltd. Liab. Co. v. Doe,* No. 07cv2357-LAB (POR), 2007 U.S. Dist. LEXIS 97774, at *3 (S.D. Cal. Dec. 20, 2007) (finding good cause for *ex parte* application to take discovery).

In the Ninth Circuit, courts use a "good cause" standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *UMG Recordings, Inc. v. Doe,* No. C 08-1193 SBA, 2008 U.S. Dist. LEXIS 79087, at *9 (N.D. Cal. Sep. 2, 2008).

District courts in this Circuit have developed and follow a four-part test for determining when "good cause" exists to allow early discovery. *See Ebates, Inc. v. Does,* No. 16-cv-01925-JST, 2016 U.S. Dist. LEXIS 59480, at *3-4 (N.D. Cal. May 3, 2016).

Under the test, the Plaintiff must:

(1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court;

(2) recount the steps taken to locate the defendant;

(3) show that its action could survive a motion to dismiss; and

(4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information.

*See id.*

### A. Marketo has sufficiently identified John Doe

Under the first factor, a plaintiff must "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Ebates, Inc.*, 2016 U.S. Dist. LEXIS 59480, at *3 (*quoting Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999)). Here, the John Doe is the person or entity that posted a specific document (McCullough Decl., Ex. A) on a specific site (omgdownload.com); this is a specific target that can be identified through ordinary business records.

### B. Marketo has made good faith efforts to locate John Doe

Marketo also meets the second factor because it has previously sought to identify John Doe. (McCullough Decl., ¶ 4). *See Columbia Ins. Co.* v. *seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999). "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id*.

Marketo has been unable to locate and identify John Doe. (McCullough Decl., ¶ 2). Prior to filing suit, Marketo endeavored to gain information about omgdownload.com from

4

Namecheap, Inc. informally by sending take down requests and seeking information about the website. (McCullough Decl., ¶¶ 4-5). However, these companies will not provide any further information to Marketo without a subpoena from this Court. (*Id.*).

Marketo has no way of compelling the required identification information about John Doe without this Court's intervention.

### C. Marketo's Complaint Can Withstand a Motion to Dismiss

Third, there is no question that Marketo's Complaint states valid causes of action for trademark infringement and unfair competition. Marketo is the owner of the MARKETO Marks in U.S. Registration Nos. 3,369,973 and 4,331,015. (McCullough Decl., ¶ 2). The Defendant has unlawfully used the MARKETO Marks in commerce for profit. As such, Marketo's Complaint can withstand a motion to dismiss.

### D. Marketo's targeted discovery will help identify John Doe

Finally, Marketo seeks discovery from the OMG Domain registrar and there is a reasonable likelihood that the proposed discovery will uncover the identity (or identities) of the Doe defendant. *See Columbia*, 185 F.R.D. at 579 (citation omitted).

By this Motion, Marketo seeks to serve a subpoena on Namecheap, Inc., which is the domain registrar for omgdownload.com. Namecheap, Inc. has previously stated that it would pass along information to the owner of the OMG website. Thus, this discovery is the best hope for Marketo to obtain John Doe's real identity.

## IV. CONCLUSION

Because the "good cause" standard has been met, Marketo respectfully requests that the Court grant its Motion and allow the issuance of a subpoena to Namecheap, Inc., seeking information sufficient to identify and locate John Doe, and that such service may be made immediately.

| | |
|---|---|
| Dated:  November 8, 2018 | Respectfully submitted, |
| | By /s/ Perry J. Narancic |
| | Perry J. Narancic<br>LEXANALYTICA, PC |
| | Attorney for Plaintiff<br>Marketo, Inc. |