UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETO, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>    Defendant. | Case No.18-cv-06792-JSC<br><br>**ORDER RE: EX PARTE MOTION FOR EARLY DISCOVERY**<br><br>Re: Dkt. No. 5 |

Plaintiff Marketo, Inc., a software company, alleges that Doe Defendant is using the Marketo Marks or similar variations thereof without authorization to sell email templates online. Now pending before the Court is Plaintiff's ex parte motion to for early discovery. (Dkt. No. 5.[1]) Specifically, Plaintiff seeks permission to issue a subpoena to third-party Namecheap, Inc. which is the domain registrar associated with omgdownload.com, the website marketing the allegedly infringing email templates. Having considered Plaintiff's arguments and the relevant authority, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff is a software company focused on account-based marketing, including email, mobile, social, digital ads, web management, and analytics. Plaintiff has used the "Marketo" Mark since 2006 to identify its company and products. It owns the MARKETO Mark, U.S. Registration Nos. 3,369,973 and 4,331,015. (Dkt. No. 6 at ¶ 2.)

Recently, Plaintiff discovered that Defendant was using the Marketo Mark to sell email templates that are downloaded on the Internet through the website omgdownload.com. (*Id*. at ¶¶

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

3-4; Dkt. No. 6-1.) Plaintiff has not authorized this sale and is unaware of Defendant's true identity. (Dkt. No. 6 at ¶ 3.) On September 12, 2018, Plaintiff contacted Namecheap, Inc. the domain name registrar for the omgdownload.com website asking that it request the owner of the site to take down the pages using the Marketo Mark. (Dkt. No. 6 at ¶ 4; Dkt. No. 6-2.) Namecheap responded that it "cannot force our customer to remove the reported content as containing a registered trademark" under the Digital Millennium Copyright Act and that Plaintiff should "resolve such issues via submitting a dispute to the Court of competent jurisdiction as it leads to the most efficient and competent settlement." (Dkt. No. 6 at ¶ 5; Dkt. No. 6-3.) Namecheap also stated that it would forward the complaint to the customer. (Dkt. No. 6-3.)

Plaintiff thereafter filed this action alleging that John Doe was infringing on its Marketo trademark, as well as alleging claims for false advertising and unfair competition. (Dkt. No. 1.) Plaintiff's complaint was accompanied by the underlying ex parte application to conduct early discovery of Namecheap to determine Joe Doe's true identity.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). In fashioning Rule 26(d) discovery orders, the district court wields broad discretion. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Courts within the Ninth Circuit apply a "good cause" standard to determine whether to permit such early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also G.N. Iheaku & Co. v. Does 1-3*, No. C-14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014) (collecting cases). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id.*

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is

1 clear that discovery would not uncover the identities, or that the complaint would be dismissed on
2 other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). To determine whether
3 there is "good cause" to permit expedited discovery to identify doe defendants, courts commonly
4 consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1-39*, No. 11-3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 578-80 (N.D. Cal. 1999)).

**DISCUSSION**

Plaintiff has made a sufficient showing under all four factors to establish good cause for expedited discovery.

Under the first factor, "the Court must examine whether the Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subjected to jurisdiction in this Court." *Pac. Century Int'l, Ltd. v. Does 1-48*, No. 11-3823, 2011 WL 4725243, at *2 (N.D. Cal. Oct. 7, 2011). Plaintiff has done so. Specifically, Plaintiff alleges that the Doe Defendant owns or is using the domain name omgdownload.com to sell email templates using the Marketo Mark. (Dkt. No. 1 at ¶ 10.)

Under the second factor, the party should identify all previous steps taken to locate the elusive defendant. *Columbia Ins. Co.*, 185 F.R.D. at 579. "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id.* Here, Plaintiff contacted Namecheap, the domain name registrar, and asked that the information be taken down, but Namecheap responded by refusing to do so. (Dkt. No. 6-2; Dkt. No. 6-3.) The domain name is not sufficient for Plaintiff to identify the Doe Defendant, and Plaintiff has no other means to identify the Doe Defendant besides Namecheap's record which it refuses to provide without a subpoena. (*See* Dkt. No. 5 at 4-5.)

3

1 Plaintiff has therefore satisfied the second element.

2 Under the third requirement, a plaintiff must establish to the court's satisfaction that the complaint can withstand a motion to dismiss. *See Columbia Ins. Co.*, 185 F.R.D. at 579. Plaintiff has done so. To state a claim for trademark infringement claim under the Lanham Act, plaintiff must show that: (1) it has valid, protectable trademark, and (2) defendant's use of mark is likely to cause confusion. *See S. California Darts Ass'n v. Zaffina*, 762 F.3d 921 (9th Cir. 2014) (citing 15 U.S.C.A. § 1125(a)). Plaintiff has made this showing by alleging that it holds a valid trademark for the Marketo Mark and that the Doe Defendant is using that Mark to sell products on the omgdownload.com website. (Dkt. Nos. 1-1; 1-2; 1-3.)

The final factor concerns whether the discovery sought will uncover the identity of the Doe Defendant. *See Gillespie*, 629 F.2d at 642-43 (stating that early discovery to identify doe defendants should be allowed "unless it is clear that discovery would not uncover the identities"). Plaintiff alleges that Namecheap is the domain registrar for omgdownload.com and that it has stated that it would pass the complaint information on to the website owner. (Dkt. No. 5 at 5.) Plaintiff has thus demonstrated that a subpoena on Namecheap should reveal the identity of the Doe Defendant.

Ultimately, granting early discovery to permit Plaintiff to identify the Doe Defendant appears to be the only way to advance this litigation. *See UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104215, at *4 (N.D. Cal. Sept. 3, 2008) (citation omitted). Moreover, there is no prejudice to Doe Defendant in granting the requested early discovery because it is narrowly tailored to seek only their identity." *Id.* (citations omitted). Plaintiff has therefore met its burden of establishing good cause for early discovery.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion for early discovery. (Dkt. No. 5.) Plaintiff shall file a proposed subpoena and proposed order consistent with Civil Local Rule 7-2(c) by November 28, 2018. Once the Court approves the subpoena, Plaintiff may serve it on Namecheap.

This Order disposes of Docket No. 5.

**IT IS SO ORDERED.**

Dated: November 19, 2018

                                                                                   JACQUELINE SCOTT CORLEY
                                                                                   United States Magistrate Judge